Loren Kieve (56280)
KIEVE LAW OFFICES
2655 Steiner Street
San Francisco, CA 94115
415 364-0060
lk@kievelaw.com

Attorneys for Grouse River Outfitters, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROUSE RIVER OUTFITTERS, LTD., | Case No. 2:18-mc-44-RGK (PJWx) |
| Plaintiff, | N.D. Cal. Case No. 3:16-cv-2954-LB |
| v. | GROUSE RIVER'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH GROUSE RIVER'S SUBPOENA DUCES TECUM |
| NETSUITE INC., | |
| Defendant. | Hearing Date: April 26, 2018 |
| | Hearing Time: 1:30 p.m. |

Grouse River Outfitters Ltd. ("GR") respectfully submits this supplemental brief pursuant to the Court's direction to address the objections of Billabong Holdings USA Inc. ("BUSA") to GR's subpoena.

***BUSA has waived any objection.***

At the outset, GR would note that the declaration of BUSA's in-house counsel in opposition to GR's motion does not mention, much less provide any evidentiary support for, its boilerplate objections. Having failed to do so, BUSA has waived its objections. CD CA Civ. L. R. 37-2.2; 7-6; 7-7; 7-9; 7-12.

1

***GR seeks documents from BUSA that are different from those it has sought from defendant NetSuite, Inc. ("NS").***

The Court's direction to GR to file a supplemental brief specifically asked GR to address BUSA's objection that the subpoena's specifications seek information that can more readily be obtained from defendant NS.

GR has made a Rule 34 request in the underlying action in the Northern District of California to NS for some of the same documents – but not all of them.[1] To be sure, subpoena specifications 2, 4 and 6 – seeking communications between NS and BUSA – overlap and would seem to call for the same set of responsive documents. But there is no guarantee (or any showing by BUSA) that NS's contingent of documents is the same as BUSA's.

More importantly, as framed by the BUSA subpoena document specifications, BUSA (and/or its affiliates) will undoubtedly have a different set of documents from those that NS may have – reflecting BUSA's own assessment and views from its separate perspective of the deficiencies in NS's performance and representations.

For example, specification 1 asks for:

> Each document relating to or reflecting the discussions between NetSuite, Inc. ("NetSuite") and Billabong International Limited or any subsidiary, division or affiliate (collectively, "Billabong") about the "implementation setbacks" and "technical issues" and "ongoing discussions regarding NetSuite's delivery against its "promises and contractual obligations" and requested "comprehensive corrective action plans" described in the transcript of remarks made by Billabong's CEO, Neil Fiske, in his investor presentation of February 24, 2017 as referenced in the attached articles.

---

[1] Interestingly, NS failed to serve a timely response to GR's document request – and has therefore waived any objection. See letter from GR's counsel, April 5, 2018, attached for the Court's convenience as Exh. 1. *Oxford St. Properties LLC v. Robbins*, No. 210CV02999JHNRZX, 2011 WL 13214031, at *3 (C.D. Cal. Nov. 30, 2011) ("Rule 34 provides 30 days to respond to a request for production. In addition, *Richmark* holds that a party's failure to respond to a request for production waives any objections that the withholding party may have had. *Richmark,* 959 F.2d at 1473. Plaintiff did not respond to the RFP within 30 days."). Despite its clear waiver, NS's untimely response has objected to producing a single document.

This request seeks documents from BUSA's perspective – which is undoubtedly much different from NS's.

Likewise, specifications 3, 5 and 7 ask for documents that are unique to BUSA:

3. Each document relating to or reflecting the termination by Billabong International Limited or any subsidiary, division or affiliate (collectively, "Billabong") of its contract with NetSuite, Inc. ("NetSuite") for for SuiteCommerce cloud-based set of ecommerce and retail point-of-sale tools.

5. Each document relating to or reflecting the reason or reasons for the termination by Billabong International Limited or any subsidiary, division or affiliate (collectively, "Billabong") of its contract with NetSuite, Inc. ("NetSuite") for SuiteCommerce cloud-based set of ecommerce and retail point-of-sale tools.

7. Documents sufficient to identify the components of the $11.7 million impairment charge that Billabong International Limited or any subsidiary, division or affiliate (collectively, "Billabong") booked in connection with the termination by Billabong of its contract with NetSuite for SuiteCommerce cloud-based set of ecommerce and retail point-of-sale tools.

These specifications all seek documents that are unique to BUSA.

***BUSA should be ordered to produce responsive documents.***

As the court ruled in *Ameritox, Ltd. v. Millennium Labs., Inc.,* No. 3:12-MC-0075, 2013 WL 5656064, at *2 (M.D. Tenn. Oct. 17, 2013),

> Although Millennium argues that Ameritox should seek the requested documents directly from Millennium in the normal course of discovery, and not issue a subpoena to third-party Aegis, Millennium has cited no provision of either the Federal Rules of Civil Procedure or the Local Rules which prohibits Ameritox from subpoenaing the information from Aegis.

As the same court noted, "Fed.R.Civ.P. 26(d) (2)(A) provides that 'methods of discovery may be used in any sequence.'" *Id.*

BUSA flatly refused to produce any documents, or to have a meaningful "meet and confer" discussion about what kind of production it was willing to make. To accommodate any concern about overbreadth or unnecessary burden, GR is nevertheless prepared to have the Court modify specifications 1-6 to call for "documents sufficient to show" the relevant communications and substance of the two entities' disputes.

***BUSA does not need to produce privileged documents.***

GR will stipulate and agree that BUSA does not need to produce any privileged or work product documents – and also that it does not need to go to the trouble of preparing a privilege log provided that BUSA's counsel certify that it has complied with the subpoena, as modified by the Court.

***BUSA does not need to produce confidential material***

Because of GR's modification of its subpoena specifications to seek "documents sufficient to show" materials, BUSA can readily comply with the subpoena without producing trade secret information. If it cannot comply with the subpoena without producing materials that contain trade secrets, then it may produce responsive documents pursuant to the protective order entered in the Northern District action.

***The subpoena does not call for production beyond the 100-mile limit.***

On its face, the subpoena specified that it was to be complied with at a "Place: To be agreed upon." This was done to make BUSA's production as simple and straightforward as possible. In this day and age of electronically-stored information, all that BUSA has to do is to transmit its responsive documents by e-mail or in a storage medium. If it insists on making a physical production, it can do so at Nelson & Fraenkel LLP, 707 Wilshire Blvd., Suite 3600 Los Angeles, CA 90017.

***GR should not have to pay for BUSA's document production.***

BUSA has also made (and can make) no evidentiary showing that compliance with the subpoena – particularly as modified here – would be overly expensive or impose undue "significant" costs on it. See *United States v. McGraw-Hill Companies, Inc.,* 302 F.R.D. 532, 536 (C.D. Cal. 2014) (discussing the relevant analysis).

BUSA should therefore incur its own costs of compliance.

4

Grouse River supplemental brief  Case No. 2:18-mc-44-RGK (PJWx)

***BUSA should be required to produce documents within its possession, custody or control – including those in the possession of its affiliates and parent and subsidiary companies.***

It has been settled federal procedural law for nigh on three decades that the recipient of a document request or subpoena must produce all responsive documents within its control even if those documents are in the physical possession of affiliated companies or other third parties that are not parties to the underlying action See *Gen. Envt'l Sci. Corp. v. Horsfall,* 136 F.R.D. 130, 133-34 (N.D. Ohio 1991); see also *Strom v. Am. Honda Motor Co.,* 423 Mass. 330, 337, 667 N.E.2d 1137, 1142 (1996) (collecting federal cases); *Dietrich v. Bauer,* No. 95-cv-7051, 2000 WL 1171132, at *2-5 (S.D.N.Y. Aug. 16, 2000); *Addamax Corp. v. Open Software Found., Inc*., 148 F.R.D. 462, 468 (D. Mass. 1993); *GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc.,* No. 11-cv-1299, 2012 WL 1414070, at *10 (S.D.N.Y. Apr. 20, 2012); *In re ATM Fee Antitrust Litig*., 233 F.R.D. 542, 545 (N.D. Cal. 2005) ("Courts apply the legal control test to requests for documents under both Rule 34 and Rule 45.").

BUSA makes no argument – much less any evidentiary showing – that its affiliates and parents and subsidiary corporations do not have the requested documents, or that it can't get them by asking for them.

## *Conclusion*

The Court should compel BUSA to produce the documents called for by Grouse River's subpoena duces tecum, as modified above.

Dated: April 5, 2018            */s/ Loren Kieve*
                                          Loren Kieve
                                          Counsel for movant Grouse River Outfitters Ltd.

Exhibit 1

Kieve | Law Offices

2655 Steiner Street
San Francisco, California 94115-1141
www.kievelaw.com

Telephone:  415.364.0060
Facsimile:  435.304.0060
Conference:  866.384.2318

Loren Kieve
lk@kievelaw.com
Cell:  415.425.2655

April 5, 2018

*By e-mail*

Paul J. Byrne
Cornerstone Law Group
351 California Street, Suite 600
San Francisco, California 94104

*Grouse River v. NetSuite*

*Civil Action No. 16-cv-2954 LB*

Dear Paul (and Scott):

Please consider this as a meet and confer request in response to NetSuite's untimely April 5, 2018 response to Grouse River's February 21, 2018 fourth request for the production of documents ("4th RFPD").

The 4th RFPD was served by mail and e-mail on February 21, 2018.  Under the rules, NetSuite's response was due on or before March 26, 2018.

I sent you an e-mail yesterday, April 4, asking when I could expect to receive the requested documents.

Today I received NetSuite's responses.

By failing to timely respond by March 26, 2018, NetSuite has waived any objection and is required to promptly produce the documents requested.  See, e.g., Oxford St. Properties LLC v. Robbins, No. 210CV02999JHNRZX, 2011 WL 13214031, at *3 (C.D. Cal. Nov. 30, 2011) ("Rule 34 provides 30 days to respond to a request for production. In addition, *Richmark* holds that a party's failure to respond to a request for production waives any objections that the withholding party may have had. *Richmark,* 959 F.2d at 1473. Plaintiff did not respond to the RFP within 30 days.").

If NetSuite is not prepared to do so, please let me know when we can have a phone call to discuss this. I will be on a plane most of tomorrow but will be available after 3 p.m. Pacific time and virtually any time on Monday.

Paul J. Byrne 2 April 5, 2018

Sincerely,

Loren Kieve