BROWN WEGNER LLP
Matthew K. Wegner (SBN 223062)
  mwegner@brownwegner.com
Alexander Avery (SBN 307390)
  aavery@brownwegner.com
2010 Main Street, Suite 1260
Irvine, California 92614
Telephone: 949.705.0080

Attorneys for Third Party
Billabong Holdings USA, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROUSE RIVER OUTFITTERS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> NETSUITE INC., <br><br> Defendant. | **Case No. 2:18-mc-000044-RGK-PJW** <br><br> **THIRD PARTY BILLABONG HOLDINGS USA, INC.'S REPLY BRIEF IN OPPOSITION TO PLAINTIFF GROUSE RIVER OUTFITTERS, LTD.'S MOTION TO COMPEL** <br><br> Date of Hearing:  April 26, 2018 <br> Time:  1:30 p.m. <br> Courtroom:  790 <br> Before the Hon. Patrick J. Walsh |

As directed by the Court on April 4, 2018, Third Party Billabong Holdings USA, Inc. ("Billabong") respectfully submits this Reply in opposition to Plaintiff Grouse River Outfitters, Ltd.'s ("Grouse River") motion to compel compliance with its Subpoena to Produce Documents dated February 21, 2018 (the "Subpoena").

The Court's law clerk, Mr. Howitt, in an e-mail sent to both Grouse River and Billabong on April 4, 2018 indicated as follows:

> In the joint stipulation, third-party Billabong USA presents a number of arguments as to why it should not comply with the subpoena. Grouse River has failed to respond to many of these arguments, including Billabong USA's objection that the requests for production seek information that can be more readily obtained from Defendant NetSuite. In that light, the Court instructs Grouse River to file supplemental briefing addressing Billabong USA's objections no later than Wednesday April 11, 2018. Billabong USA may then have until Wednesday April 18, 2018, to file a reply brief, if it chooses.

E-Mail of April 4, 2018 from Mr. Luke Howitt, Clerk to Hon. Patrick J. Walsh (emphasis added).

As the Court correctly noted after reviewing the Joint Stipulation, Grouse River's Subpoena suffers from numerous significant defects, which defects were outlined in Billabong's Objections to the Subpoena and in the Joint Stipulation. While Grouse River cannot deny these defects, in its supplemental brief it seeks to avoid them entirely. Most importantly, as a third party, Grouse River is obligated to take all available steps to prevent imposing undue hardship, burden or cost on Billabong. In providing the supplemental information this Court requested, Grouse River dodges and weaves, but cannot deny that the requested documents are more readily and easily obtained from NetSuite – Grouse River's opposing party in the case in which the Billabong Subpoena has issued.

Rather than offering a full explanation as to why the requested documents could not – and should not - be obtained from NetSuite under Rule 34, Grouse River simply

speculates that NetSuite and Billabong *may not* have an identical sets of documents.[1] It makes this argument despite its admission that the documents it seeks from Billabong through its Subpoena and in its requests to NetSuite in the pending case "overlap." Grouse River Supp. Br. at p. 2. Thus, rather than provide the Court the information it requested and that fully detail all the steps that Grouse River has taken to first seek the documents from a party to the litigation – NetSuite – Grouse River simply attempts to divert attention from its failure to establish that it has done everything possible to avoid burdening Billabong, a third party. Grouse River should be required to first obtain documents from the party it is litigating against – NetSuite – before seeking to impose a burden on third parties.

As the Court correctly noted in Mr. Howitt's April 4th e-mail, Billabong objected to the Subpoena on a number of grounds, and the Court ordered Grouse River to address each of these grounds in its Supplemental Brief. It simply has failed to do so – essentially ducking many of the issues outright. It appears it did this because it can offer no legitimate explanation for the numerous deficiencies in the Subpoena. Among the things Grouse River has failed to address are the following:

---

[1] Grouse River suggests that NetSuite will soon be producing documents related to its relationship with Billabong. Grouse River Supplemental Brief, p. 2:7-8 & fn. 1. If this is the case, then there should be no need for the instant subpoena, as Grouse River should obtain the documents from NetSuite. It is interesting that noticeably absent from Grouse River's initial *or* supplemental brief is a copy of the Request for Production that Grouse River suggests it has sent to NetSuite. Without such evidence, it is unclear how Grouse River expects this Court to determine whether it has, in fact, taken steps to obtain the documents sought by way of the Subpoena from NetSuite. Of course, to the extent Grouse River's counsel suggests the subpoenas *may* seek different information, there is *absolutely no evidence* before the Court as to whether this is true or not. Grouse River's failure to provide admissible evidence itself justifies the denial of this motion, as does the fact that it suggests it will be obtaining evidence from a party to the litigation. Why Grouse River didn't obtain this information *before* seeking to impose a heavy burden on Billabong remains an important question that Billabong suggests the Court must ask itself.

1. Grouse River has not provided the Court with *any evidence whatsoever* that the Subpoena was properly and effectively served. *See* Joint Stipulation at p. 4.

2. Grouse River has not explained its failure to serve the Billabong entity that actually is in possession of relevant documents. *See* Joint Stipulation at p. 6; See Jaiswal Declaration in Support of Joint Stipulation, ¶ 3 (advising that party that GSM (Operations) Pty Ltd., based in Australia, was the party that might have responsive documents).

3. Grouse River has not explained its refusal to avail itself of the Hague Convention to obtain documents from the offshore entity that is likely in possession of the documents Grouse River seeks. *See* Joint Stipulation at p. 5-6. Notably, Grouse River *entirely ignores* the *Fujikara Ltd. v. Finisar Corp*. case cited by Billabong in the Joint Stipulation. *See* Joint Stipulation at p. 5:13-23. While Grouse River cites to a number of cases in its Supplemental Brief, none of them are analogous to the facts here - where a party in Australia appears to be the one who would be in possession of the documents sought by way of the subpoena. While Grouse River might not "want" to use the Hague Convention to obtain documents, it is obligated to do so because that is the proper procedure to be used to obtain documents from a party located outside of the United States.

4. Grouse River has not explained the relevance of the documents it seeks from Billabong to its case; Grouse River is an online firearms dealer and Billabong sells apparel; it is likely that the technology Billabong purchased from NetSuite is different from that purchased by Grouse River. *See* Joint Stipulation at p.7. Before imposing an undue burden on a third party, Grouse River must explain that the evidence sought is

actually something that is relevant to its case and admissible. Here it has entirely failed to do so.

Finally, Grouse River has not explained why Billabong can properly be required to spend time, labor, and other resources for Grouse River's benefit without being compensated. Of course, such a position flies in the face of case law that requires a Grouse River to ensure that it does not impose an undue burden on a third party.

As set forth in detail in the Jaiswal Declaration submitted herewith, Billabong has already spent significant time responding to Grouse River's Subpoena, including the need to file this supplemental briefing after Grouse River wholly failed to comply with Local Rule 37. Therefore, the Court has no basis to conclude that Billabong should be made to pay for Grouse River's fishing expedition. While the actual cost of obtaining the extensive documents Grouse River wants can only be properly identified by the party who is actually in possession of this information (possibly GSM (Operations) Pty Ltd., located in Australia) based on the scope of what is being requested it would appear that the costs would be very significant.

For all the foregoing reasons, the Court should deny Grouse River's Motion to Compel.

DATED: April 11, 2018                BROWN WEGNER LLP

/s/ Matthew K. Wegner
Matthew K. Wegner

Attorneys for Third Party
Billabong Holdings USA, Inc.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, the foregoing document and its attachment(s), electronically transmitted to the Court's Electronic Filing System, are served on counsel of record who are deemed to have consented for purposes of F.R.Civ.P. 5(b)(2)(E) to receive electronic service of documents through the Court's CM/ECF System per L.R. 5-3.2.

Dated: April 11, 2018                    /s/ Matthew K. Wegner
                                         Matthew K. Wegner